UNITED STATES DISTRICT COURT
                         DISTRICT OF NEVADA
                           RENO, NEVADA

PARADISE VALLEY FARMS, et al.,   )   3:08-CV-00065-ECR-RAM
                                 )
    Plaintiff,                   )   MINUTES OF THE COURT
                                 )
                                 )   DATE: August 5, 2010
vs.                              )
                                 )
WASHINGTON MUTUAL BANK           )
                                 )
    Defendant.                   )
_____)

PRESENT:    EDWARD C. REED, JR.                  U. S. DISTRICT JUDGE

Deputy Clerk:   COLLEEN LARSEN       Reporter:   NONE APPEARING

Counsel for Plaintiff(s)                NONE APPEARING

Counsel for Defendant(s)                NONE APPEARING

MINUTE ORDER IN CHAMBERS

    Plaintiff in this case essentially requests relief from a settlement agreement entered into in a separate case before Judge Hicks: "Plaintiff sought by this petition to have the settlement with Washington Mutual set aside because Washington Mutual failed to complete the written settlement agreement and failed to act in good faith to execute the terms of the settlement."  (P.'s Reply at 2 (#52).)  The stipulated settlement agreement at issue was accepted and adopted by Judge Hicks on February 14, 2006.  (3:04-cv-00759 (#44).)  The agreement was subsequently the subject of a motion to compel brought by Defendants.  (3:04-cv-00759 (#77).)  Judge Hicks granted in part and denied in part the motion to compel.  Plaintiff filed a motion for reconsideration, which was denied, and subsequently appealed to the Ninth Circuit.  The appeal is apparently pending, but no judgment has been entered in the underlying case.

    Plaintiff's request to set aside the settlement agreement takes the form of an independent action under Federal Rule of Civil Procedure 6(d) ("Rule 60(d)").  The court exercises discretion in determining whether to entertain independent actions for relief and looks to traditional equitable principles to guide its decision.  The Supreme Court has stated that "[i]ndependent actions must . . . be reserved for those cases of injustices which, in certain instances, are deemed sufficiently gross to demand a departure from rigid adherence to the doctrine of res judicata." United States v. Beggerly, 524 U.S. 38, 46 (1998) (internal quotation marks and citation omitted).  Plaintiff has not cited nor have we have not discovered any instance in which a court has exercised jurisdiction in circumstances

even remotely similar to those of the present case.  Equity does not require Plaintiff receive any relief here because Plaintiff has or had an adequate remedy at law, namely the appellate process and the procedures described in Rule 60(b).  Plaintiff's petition will therefore be dismissed with prejudice.

**IT IS, THEREFORE, HEREBY ORDERED** that Defendant's motion for Judgment on the Pleadings (#41)  is **GRANTED**.

**IT IS HEREBY FURTHER ORDERED** that Plaintiff's "Motion for Leave to Late File their Opposition to Defendant's Motion for Judgment on the Pleadings" (#44) is **DENIED** as moot.

**IT IS HEREBY FURTHER ORDERED** Defendant's "Motion to Dismiss for Lack of Jurisdiction" (#47) is **DENIED** as moot.

The Clerk shall enter judgment accordingly.

```
                                        LANCE S. WILSON, CLERK
                                        By       /s/
                                             Deputy Clerk
```